(76 South. 253)

No. 21509.

Succession of BROUSSARD.

(June 30, 1917.)

*(Syllabus by the Court.)*

HUSBAND AND WIFE &#x25C9;&#x21D2;273(7) — COMMUNITY PROPERTY—RIGHTS OF CREDITORS.

When real estate that belonged to a marital community that was dissolved by the death of the wife has been sold by the administrator of her succession to pay community debts, a creditor of the community, who obtained and recorded a judgment against the surviving husband after the wife died but before the property was sold, is entitled to payment out of the husband's half of the proceeds of the sale, in preference to ordinary creditors of the community.

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; William Pierrepont Edwards, Judge.

In the matter of the succession of Elzina Broussard, opposed by P. U. Broussard. From the judgment approving the method of settling the estate proposed by A. Thibodeaux, administrator, Z. B. Broussard and another appeal. Amended.

Broussard & Samson, of Abbeville, for appellant P. Ursin Broussard. John Nugier, Jr., of Abbeville, for appellants Z. B. Broussard and First Nat. Bank of Abbeville, La. Greene & Greene, of Abbeville, for appellee A. Thibodeaux, administrator of the Succession.

On Rehearing.

O'NIELL, J. On re-examination of the record, we find that P. U. Broussard, in his opposition to the administrator's proposed method of settlement of the estate, claimed the benefit of his judicial mortgage only on the half interest of the surviving husband in the real estate belonging to the community. That property was sold by the administrator in the succession of the deceased wife. The net proceeds of the sale, after deducting law charges and other liens, amounted to $1,096.06. Half of that sum, $548.03, belongs to the surviving husband, subject to his liability for debts of the community. But, being the proceeds of the sale of the property affected by P. U. Broussard's judicial mortgage, this fund belonging to the surviving husband must be applied to the payment of Broussard's judgment in preference to the ordinary debts of the community. The decisions cited in the original opinion, delivered by Mr. Justice SOMMERVILLE, are not to the contrary.

The judgment appealed from is therefore amended by sustaining the opposition of P. U. Broussard, requiring the administrator to pay him $266.70, with legal interest from the 18th of May, 1914, out of the net fund of $548.03 belonging to surviving partner in community, in preference to the ordinary community debts. All costs hereof are to be paid by the succession, appellee.

LECHE, J., takes no part.